UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| MICHAEL MILES, | Case No. 3:11-cv-294 |
| Plaintiff, | Judge Timothy S. Black |
| vs. | |
| BUNKERS SPORTS BAR & GRILL, LLC., | |
| Defendant. | |

### ORDER AND ENTRY DENYING DEFENDANT'S
### MOTION FOR MORE DEFINITE STATEMENT (DOC. 4)

This case is presently before the Court on the Motion for More Definite Statement filed by Defendant Bunkers Sports Bar & Grill, LLC ("Bunkers"). (Doc. 4). Plaintiff filed a response in opposition to Defendant's Motion. (Doc. 5). Thereafter, Defendant filed a Reply in Support of its Motion for More Definite Statement. (Doc. 6). The Motion is now ripe for determination by the Court.

Plaintiff Michael Miles is a paraplegic who uses a wheelchair for mobility. Bunkers is a restaurant located in Vandalia, Ohio. Plaintiff alleges that at some unspecified time and date, he visited Bunkers and encountered architectural barriers at that location. Plaintiff alleges that Bunkers violated the Americans with Disabilities Act ("ADA") and discriminated against him on the basis of disability. Accordingly, Plaintiff asserts claims pursuant to the ADA and the Ohio Revised Code § 4112.01, *et seq.*

Fed. R. Civ. P. 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." (Doc. 4). Courts in this district find that, "[i]n light of the modern practice of notice pleading and the availability of pretrial discovery procedures, Rule 12(e) motions are not favored by courts." *Bakery, Confectionary,*

*Tobacco Workers and Grain Millers Int'l Union, Local No. 57, AFL-Cio, CLC v. The New Bakery Co. of Ohio, Inc.*, 2:09-cv-110, 2008 WL 2491673, at *1 (S.D. Ohio Jun. 16, 2008) (citations omitted). Instead, such motions "should be granted only when the complaint is so vague or unintelligible that it is virtually impossible for the defendant to craft its responsive pleading." *Monahan v. Smyth Automotive, Inc.*, 1:10-cv-48, 2011 WL 379129, at *3 (S.D. Ohio Feb. 2, 2011) (citations omitted).

Here, Defendant argues that Plaintiff's Complaint fails to identify the date(s) he visited Defendant's property. (*Id.*) Defendant asserts that ownership of the property at issue recently changed, and therefore, the date of the alleged violation is required in order to determine "statute of limitations triggers, . . . the real parties in interest, potential third-party complaints and potential insurance coverage." (*Id.*) Further, Defendant points to several typographical errors throughout the Complaint and questions the "trustworthiness" of the allegations. (*Id.*)

With regard to the typographical errors, the Court concludes that such errors do not render the allegations so unintelligible that Defendant cannot adequately respond. Further, the lack of allegations concerning the specific date(s) Plaintiff visited Defendant's property concerns the want of detail rather than the unintelligibility of the claims, and such factual detail is the type of information that can be determined through pretrial discovery.

Based on the foregoing, Defendant's Motion for More Definite Statement is **DENIED** without prejudice. (Doc. 4). **Plaintiff SHALL provide** in initial disclosures the date(s)/time period of visit(s).

**IT IS SO ORDERED.**

Date: 11/7/11

Timothy S. Black
United States District Judge